FENNEMORE CRAIG, P.C.
Cathy L. Reece (No. 005932)
Nancy J. March (No. 012802)
One South Church Avenue
Suite 1000
Tucson, AZ 85701-1627
Telephone: (520) 879-6800
Email: creece@fclaw.com
nmarch@fclaw.com

Attorneys for Secured Creditor
Nedbank Limited

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| NORD RESOURCES CORPORATION, | No. 4:15-bk-13197-BMW |
| Debtor. | **JOINDER OF SECURED CREDITOR NEDBANK LIMITED IN: (1) EMERGENCY MOTION TO DISMISS, MODIFY STAY, ABSTAIN OR SUSPEND (DE 5); AND (2) MOTION TO EXPEDITE HEARING ON ACCELERATED NOTICE (DE 6)** |
| | Hearing Date: October 21, 2015 Hearing Time: 1:30 p.m. |

Nedbank Limited ("Nedbank"), the largest secured and unsecured creditor of debtor Nord Resources Corporation (the "Debtor"), joins in and supports the "Emergency Motion to Dismiss, Modify Stay, Abstain or Suspend" (DE 5) and in the "Motion to Expedite Hearing on Accelerated Notice" (DE 6). The Motions concern true emergencies, are in the best interest of the creditors, including Nedbank, and must be granted to avoid irreparable harm to the Property, Nedbank and the estate. The nature and extent of the potential danger and harm cannot be emphasized enough. This is not the normal piece of real estate in Arizona. This is an open pit copper mine known as the Johnson Camp Mine

| | |
|---|---|
| 1 | southeast of Tucson which up until recently was being mined and processed for copper |
| 2 | ore. Mr. Hirsch on behalf of the Debtor is ill-equipped or prepared to take over the |
| 3 | Property, has no cash to maintain and protect it and has made absolutely no effort to do so |
| 4 | in the last 6 days since the bankruptcy filing. This is not a case for an absentee penniless |
| 5 | debtor. The Property requires constant care, monitoring and maintenance to protect and |
| 6 | avoid an environmental incident and to avoid irreparable damage and harm to the interests |
| 7 | of Nedbank in the Property and to the estate.  Such protection and care and maintenance is |
| 8 | not cheap (especially when the Property is not generating any income)  and Nedbank does |
| 9 | not consent to the use of its cash collateral by Mr. Hirsch on behalf of the Debtor. |
| 10 | The Chapter 11 bankruptcy petition of the Debtor, signed by Ron Hirsch as its |
| 11 | alleged Chairman,[1] is unauthorized and violates  the consensual Receivership Order and |
| 12 | agreement with Nedbank entered in the state court proceedings. A copy of the |
| 13 | Receivership Order is attached to the Emergency Motion as Exhibit A.  As expressly |
| 14 | stated in section 8 of the Receivership Order, the Debtor authorized and granted the |
| 15 | receiver the sole discretion and decision to file a bankruptcy petition, to be the designated |
| 16 | representative and to file a motion to sell, among other things. Attached as Exhibit B to |
| 17 | the Emergency Motion is the written consent of the Debtor signed by its counsel and |
| 18 | authorized by its Board of Directors. The Debtor and Nedbank thoughtfully agreed on a |
| 19 | remedy of receivership for the orderly liquidation of the Property. The Debtor did not |
| 20 | want to file a chapter 11 bankruptcy and argued strongly for a receivership as a |
| 21 | mechanism.  Nedbank agreed to provide funding to the receiver pursuant to a detailed |
| 22 | budget, and the receiver during the last 11 months has been marketing the Property and |
| 23 | trying to locate a buyer. One buyer which was approved by the state court in April 2015 |

[1]    There is no evidence that the Board of Directors authorized the filing of the petition by Mr. Hirsch. Since the Board previously approved the Receivership Order in November 2014 and the powers delegated under section 8 of the Order to the Receiver to file a bankruptcy, it is dubious that there is such a Board resolution  and Mr. Hirsch needs to show that he was expressly authorized by the Board at this time  to file this petition.

FENNEMORE CRAIG, P.C.

TUCSON

NMARCH/10961537.1/019778.0001

1  could not close. This last month, in September 2015, the receiver negotiated a sale with
2  another buyer and was seeking state court approval for the sale. Nedbank and the buyer
3  had agreed on how to finance the operations through the closing of the sale as a part of the
4  sale.

5      This is a perfect case for the application of Section 305 of the Bankruptcy Code.
6  The Bankruptcy Court should decline jurisdiction under Section 305 over the entire case
7  and let the state court receivership go forward with a sale. Nedbank asserts that the
8  interests of the creditors and its own interests as the largest creditor would be better served
9  by dismissal by the Bankruptcy Court.

10     On the other hand, this case is also appropriate for the lifting and modification of
11  the stay under Section 362(f) of the Bankruptcy Code so that the state court receivership
12  can go forward, so the sale can be consummated and the proceeds disbursed, all by the
13  receiver under the supervision of the state court.

14     By filing the petition, Mr. Hirsch has put the Property, Nedbank and the estate in a
15  very precarious and dangerous position. Such action could and will cause irreparable harm
16  to the Property, Nedbank and the estate unless the case is immediately dismissed or the
17  stay is lifted to allow the receivership sale to proceed.[2]  It has been 6 days since Mr.
18  Hirsch filed the bankruptcy petition. Yet Mr. Hirsch has taken no action to secure and
19  protect the Property, to provide security at the mine, to make sure the equipment and plant
20  are maintained and not damaged, to make sure no environmental incidents will or are
21  occurring,  to contact Nedbank about the use of cash collateral, to make sure the Property
22  is insured, to provide for the few remaining employees or to obtain copies of books and
23  records to prepare the schedules or to contact the receiver.  By filing this bankruptcy case

---

24  [2]      While the remedies sought in the Motions are unusual, Nedbank asserts there are grounds
25  for the immediate lifting or modification of the stay under Section 362(f) to allow Nedbank to
    proceed with the receivership proceeding and any and all rights and remedies including the
26  receivership sale. Nedbank reserves the right to file a motion for stay relief depending on the
    results of the next week.

FENNEMORE CRAIG, P.C.

TUCSON

NMARCH/10961537.1/019778.0001

3

1  minutes before a sale was set to be heard by a state court judge and then taking no steps to

2  ensure that the Debtor's open pit mining facility and Property were secured, Mr. Hirsch

3  has put the Debtor's assets, and Nedbank's interests in those assets, in immediate

4  jeopardy.  Only by quickly granting relief so that the sale negotiated by the receiver can

5  proceed will Nedbank and the creditors and the Property be protected.

6        The circumstances of this case are exigent.  For example, someone must operate

7  the solvent extraction plant in order to prevent it from locking up; it must maintain pumps

8  at the retainage ponds in order to prevent environmental overflow when it rains; it must

9  rent machinery to provide dust control; and it must provide security at the premises.

10 These activities require both personnel and utilities, which must be paid for.  Nedbank had

11 been funding the receiver's operations pursuant to a detailed budget to get through a sale.

12 Mr. Hirsch has no funding, is absent from the Property and has made no effort to care for

13 and maintain the Property or even find out what is needed to fulfill these duties and

14 responsibilities of a debtor. Without funding and sufficient resources and personnel,

15 which the proposed sale process provided for under the negotiated circumstances and

16 timeline of that sale, the Debtor, its Property, Nedbank, and others will be irreparably

17 harmed.

18        Mr. Hirsch on behalf of the Debtor has acted irresponsibly and cavalierly in filing

19 this Chapter 11 case.  Instead of exercising his fiduciary duties and responsibilities toward

20 the creditors of the Debtor, he has disregarded the only responsible course of action with

21 regard to Johnson Camp Mine.  When his efforts to thwart an earlier proposed sale in state

22 court failed, he did not object to the present proposed sale in state court, but instead filed a

23 bare-bones bankruptcy petition and since that time has done nothing to address the

24 emergency circumstances.

25        WHEREFORE, for all of these reasons, Nedbank joins the receiver and the

26 proposed buyer in asking that the Court either dismiss this case or grant emergency stay

FENNEMORE CRAIG, P.C.

TUCSON

NMARCH/10961537.1/019778.0001

| | |
|---|---|
| 1 | relief to permit a sale of Johnson Camp Mine to proceed in the Pima County Superior |
| 2 | Court as quickly as possible. |
| 3 | DATED this 20th day of October, 2015. |
| 4 | |
| 5 | FENNEMORE CRAIG, P.C. |
| 6 | By /s/ *Nancy J. March* (No. 012802) |
| 7 | Cathy L. Reece<br>Nancy J. March |
| 8 | Attorneys for Secured Creditor<br>Nedbank Limited |
| 9 | |

The foregoing document was e-filed on
October 20, 2015, in the
United States Bankruptcy Court
and copies were sent via CM/ECF
noticing and via email to:

Eric Slocum Sparks                          law@ericslocumsparkspc.com
Attorney for Debtor

Michael McGrath                             mmcgrath@mcrazlaw.com
Isaac Rothschild                            irothschild@mcrazlaw.com
Attorneys for Receiver

Robert Charles                              rcharles@lrrlaw.com
Attorneys for Excelsior

Renee Sandler Shamblin                      renee.s.samblin@uscourts.gov
Office of the United States Trustee

James B. Reed                               jreed@bwglaw.net
Attorneys for Empire Southwest, LLC

Charles R. Hyde                             crhyde@oldpueblobankruptcy.com
Attorney for Bernard Skaggs

Gary F. Urman                               gurman@dmyl.com
Attorney for Nord Resources

Jordan A. Kroop                             JKroop@perkinscoie.com
Attorneys for Royal Crescent Valley, Inc.

1   Kevin M. Sherlock                 KSherlock@aztoplawyers.com
  Attorneys for Farwest Pump Company

2

3   */s/ Susanne García*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26